**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| VIGILANT SOLUTIONS, INC. AND MBP INNOVATIONS LLC<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MVCONNECT LLC AND<br>RECOVERY MANAGER PRO LLC,<br><br>　　　　　　Defendants. | C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Vigilant Solutions, Inc. and MBP Innovations, LLC, alleges the following for its complaint against MVConnect LLC and Recovery Manager Pro LLC ("Defendants").

**THE PARTIES**

1.　　Vigilant Solutions, Inc. is a California corporation having a principal place of business at 2021 Las Positas Court #101, Livermore, California 94551.

2.　　MBP Innovations LLC ("MBP") is a California limited liability company with an address at 8 Estates Drive, Villa Park, California 92861.

3.　　MVConnect LLC is a limited liability company organized under the laws of the State of Illinois with a principal office at 260 East Helen Road, Palatine, Illinois 60067. MVConnect LLC is registered as a foreign limited liability company in the State of Texas and may be served with process via its registered agent, National Registered Agents, Inc., at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4.　　Recovery Manager Pro LLC is a limited liability company organized under the laws of the State of Delaware.  Recovery Manager Pro LLC may be served with process via its

registered agent National Registered Agents, Inc., at 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

## JURISDICTION AND VENUE

5. This is a patent infringement action.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338.

6. The Court has personal jurisdiction over Defendants, because Defendants conduct business in this jurisdiction, including by offering and promoting products for sale via the internet, which are accessible to and accessed by residents of this District.

7. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)-(d) and §1400(b), because substantial acts of infringement have occurred in this District.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 7,711,150

8. United States Patent No. 7,711,150 (the "'150 Patent"), entitled "Autonomous wide-angle license plate recognition," issued on May 4, 2010 based on an application filed on July 10, 2003.  The '150 Patent has been assigned to MBP by the inventor James Simon.  A true and correct copy of the '150 Patent is attached as Exhibit A hereto.

9. By way of a license agreement entered into between Vigilant and James Simon prior to the assignment of the '150 Patent to MBP, Vigilant holds the right to file this patent infringement lawsuit to enforce its rights to the '150 Patent.  Vigilant also has the right to recover all damages for past, present, and future infringement of the '150 Patent by Defendants and to seek injunctive relief as appropriate under the law.

10. Defendants have directly infringed and continue to directly infringe, either literally or by equivalents, one or more claims of the '150 Patent, including at least Claim 1, by manufacturing, using, selling, offering for sale, and/or importing products into the United States

that comprise the system of Claim 1.  The Accused Products include any and all systems in which at least two cameras are mounted on a surveillance vehicle and capture license plate images and/or data from vehicles in traffic and work with a processor that uses character recognition to determine particular collected license plate numbers.  Accused Products therefore include at least MVTrac and Recovery Manager Pro.

11. Defendants have also induced their customers to directly infringe one or more claims of the '150 Patent.  Defendants have known about the '150 Patent and its applicability to the equipment manufactured, sold and/or leased by Defendants since at least as early as the filing of this Complaint.  Defendants know that the equipment they manufacture, use, sell and/or lease, including but not limited to MVTrac and Recovery Manager Pro, is the system described in the claims of the '150 Patent, including at least Claim 1, and that at least some of its customers purchase and/or lease that equipment in order to practice those systems.  Defendants therefore also know that their customers are infringing one or more claims of the '150 Patent.

12. Defendants specifically intend to induce infringement by their customers by selling and/or leasing equipment designed to enable customers to use the system(s) described in the '150 Patent and instructing them on how to operate the system(s) in an infringing manner.

13. Defendants' actions in the above-described manner in the United States are without the permission of Vigilant or MBP and constitute infringement under 35 U.S.C. §271 for which Defendants are liable.

14. As a result of Defendants' infringement, Vigilant has been damaged monetarily and is entitled to adequate compensation of no less than a reasonable royalty pursuant to 35 U.S.C. §284.

## COUNT TWO
## INFRINGEMENT OF U.S. PATENT NO. 7,881,498

15. United States Patent No. 7,881,498 (the "'498 Patent"), entitled "Autonomous wide-angle license plate recognition," issued on February 1, 2011 based on an application filed on April 9, 2010. The '498 patent has been assigned to MBP by its original assignee James Simon. A true and correct copy of the '498 Patent is attached as Exhibit B hereto.

16. By way of a license agreement entered into between Vigilant and James Simon prior to the assignment of the '498 Patent to MBP, Vigilant holds the right to file this patent infringement lawsuit to enforce its rights to the '498 Patent. Vigilant also has the right to recover all damages for past, present, and future infringement of the '498 Patent by Defendants and to seek injunctive relief as appropriate under the law.

17. Defendants have directly infringed and continue to directly infringe, either literally or by equivalents, one or more claims of the '498 Patent, including at least Claim 1, by using the method of those claims, including by providing surveillance vehicles with camera systems to capture license plate information of multiple moving target vehicles and providing a computer programmed to use the captured license plate information and alert the vehicle operator upon discovery of a potential problem related to one of the vehicles. The method is performed by Defendants and/or their customers at least through their operation of MVTrac and Recovery Manager Pro.

18. Defendants have also induced their customers to directly infringe one or more claims of the '498 Patent. Defendants have known about the '498 Patent and its applicability to the system that they provide to their customers, which is then operated by those customers, since at least as early as the filing of this Complaint. Defendants know that the equipment they manufacture, use, sell and/or lease, including but not limited to MVTrac and Recovery Manager

Pro, is used by their customers to perform the method described in the claims of the '498 Patent, including at least Claim 1. Defendants therefore also know that their customers are infringing one or more claims of the '498 Patent.

19. Defendants specifically intend to induce infringement by their customers by selling and/or leasing equipment designed to enable customers to practice the methods described in the '498 Patent and instructing them on how to operate the equipment in an infringing manner.

20. Defendants' actions in the above-described manner in the United States are without the permission of Vigilant or MBP and constitute infringement under 35 U.S.C. §271 for which Defendants are liable.

21. As a result of Defendants' infringement, Vigilant has been damaged monetarily and is entitled to adequate compensation of no less than a reasonable royalty pursuant to 35 U.S.C. §284.

## COUNT THREE
## INFRINGEMENT OF U.S. PATENT NO. 8,009,870

22. United States Patent No. 8,009,870 (the "'870 Patent") entitled "Autonomous wide-angle license plate recognition," issued on August 30, 2011 based on an application filed on December 17, 2010. The '870 Patent has been assigned to MBP by its original assignee James Simon. A true and correct copy of the '870 Patent is attached as Exhibit C hereto.

23. By way of a license agreement entered into between Vigilant and James Simon prior to the assignment of the '870 Patent to MBP, Vigilant holds the right to file this patent infringement lawsuit to enforce its rights to the '870 Patent. Vigilant also has the right to recover all damages for past, present, and future infringement of the '870 Patent by Defendants and to seek injunctive relief as appropriate under the law.

24.     Defendants have directly infringed and continue to directly infringe, either literally or by equivalents, one or more claims of the '870 Patent, including at least Claim 1, by manufacturing, using, selling, offering for sale, and/or importing products into the United States that comprise the system of Claim 1.  The Accused Products include any and all systems in which at least one camera is mounted on a surveillance vehicle and captures license plate images from at least four *v*ehicles in traffic and works with a processor that uses character recognition to determine particular collected license plate numbers and then alters the vehicle operator when a plate number matches a database entry relating to a possible law enforcement problem.  Accused Products therefore include at least MVTrac and Recovery Manager Pro.

25.     Defendants have also induced their customers to directly infringe one or more claims of the '870 Patent.  Defendants have known about the '87 Patent and its applicability to the equipment manufactured, sold and/or leased by Defendants since at least as early as the filing of this Complaint.  Defendants know that the equipment they manufacture, use, sell and/or lease, including but not limited to MVTrac and Recovery Manager Pro, is the system described in the claims of the '870 Patent, including at least Claim 1, and that at least some of its customers purchase and/or lease that equipment in order to practice those systems.  Defendants therefore also know that their customers are infringing one or more claims of the '870 Patent.

26.     Defendants specifically intend to induce infringement by their customers by selling and/or leasing equipment designed to enable customers to use the system(s) described in the '150 Patent and instructing them on how to operate the system(s) in an infringing manner.

27.     Defendants' actions in the above-described manner in the United States are without the permission of Vigilant or MBP and constitute infringement under 35 U.S.C. §271 for which Defendants are liable.

28. As a result of Defendants' infringement, Vigilant has been damaged monetarily and is entitled to adequate compensation of no less than a reasonable royalty pursuant to 35 U.S.C. §284.

## JURY DEMAND

Vigilant requests a jury on all issues so triable.

## PRAYER

WHEREFORE, Vigilant respectfully requests that the Court:

A. Enter judgment that Defendants have directly infringed, either literally or by equivalents, the '150 Patent, the '498 Patent and the '870 Patent (collectively the "Patents-in-Suit");

B. Enter judgment that Defendants have induced infringement of the Patents-in-Suit;

C. Enjoin Defendants from further infringement of the Patents-in-Suite as described in this action;

D. Award Vigilant damages for Defendants' infringement in an amount to be determined at trial, including attorneys' fees, costs, and pre and post-judgment interest; and

E. Award any other relief deemed just and proper.

Dated: May 8, 2014              Respectfully submitted,

/s/ Paul V. Storm

Paul V. Storm
Texas Bar No. 19325350
Sarah M. Paxson
Texas Bar No. 24032826
Thomas G. Haskins, Jr.
Texas Bar No. 24087681
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Ste 3000
Dallas, Texas 75201
(214) 999-3000
pvstorm@gardere.com
spaxson@gardere.com
thaskins@gardere.com

*Attorneys for Plaintiffs Vigilant Solutions, Inc. and MBP Innovations LLC*