**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| VIGILANT SOLUTIONS, INC. AND MBP INNOVATIONS LLC )<br><br>  *Plaintiff,*<br><br>  v.<br><br>MVCONNECT LLC AND RECOVERY MANAGER PRO LLC,<br><br><br><br><br><br><br><br><br><br>  *Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No 6:14-cv-00466-KNM<br>)<br>)  **Jury Trial Demanded**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MVCONNECT LLC AND RECOVERY MANAGER PRO LLC'S
ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT**

Defendants MVConnect LLC ("MVConnect") and Recovery Manager Pro LLC ("RMP") (collectively "Defendants") hereby Answer the Complaint For Patent Infringement ("Complaint"), filed by Plaintiffs Vigilant Solutions, Inc. and MBP Innovations, LLC stating as follows:

**THE PARTIES**

**1.** Vigilant Solutions, Inc. is a California corporation having a principal place of business at 2021 Las Positas Court #101, Livermore, California 94551.

**ANSWER:**

Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 1, and on that basis, deny them.

2. MBP Innovations LLC ("MBP") is a California limited liability company with an address at 8 Estates Drive, Villa Park, California 92861.

**ANSWER:**

Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 2, and on that basis, deny them.

3. MVConnect LLC is a limited liability company organized under the laws of the State of Illinois with a principal office at 260 East Helen Road, Palatine, Illinois 60067. MVConnect LLC is registered as a foreign limited liability company in the State of Texas and may be served with process via its registered agent, National Registered Agents, Inc., at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

**ANSWER:**

MVConnect admits that it is a limited liability organized under the laws of the state of Illinois, with its principal place of business at 260 East Helen Road, Palatine, Illinois 60067. MVConnect admits that it is registered as a foreign limited liability company in the state of Texas and that it has appointed National Registered Agents, Inc. as its agent for receipt of service of process in Texas. MVConnect denies all other factual averments in Paragraph 3.

RMP lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 3, and on that basis, denies them.

4. Recovery Manager Pro LLC is a limited liability company organized under the laws of the State of Delaware. Recovery Manager Pro LLC may be served with process via its registered agent National Registered Agents, Inc., at 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

**ANSWER:**

RMP admits that it is a limited liability company organized under the laws of the state of Delaware. RMP admits that it has appointed National Registered Agents, Inc. as its agent for receipt of service of process in Delaware. RMP denies all other factual averments in Paragraph 4.

MVConnect lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 4, and on that basis, denies them.

## JURISDICTION AND VENUE

**5.** This is a patent infringement action. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338.

**ANSWER:**

Paragraph 5 contains conclusions of law to which no response is required by Defendants. Defendants admit that the Complaint purports to assert claims of patent infringement, but Defendants deny the merits of all such allegations and specifically deny they have committed any acts of infringement. To the extent that Paragraph 5 contains any other factual allegations, they are denied.

**6.** The Court has personal jurisdiction over Defendants, because Defendants conduct business in this jurisdiction, including by offering and promoting products for sale via the internet, which are accessible to and accessed by residents of this District.

**ANSWER:**

Defendants admit that they conduct business in this judicial district and do not contest that this Court has personal jurisdiction over Defendants for purposes of this action. Defendants deny each and every remaining allegation in Paragraph 6 of the Complaint.

**7.** Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)-(d) and §1400(b), because substantial acts of infringement have occurred in this District.

**ANSWER:**

Defendants do not contest that the venue requirements are technically satisfied. Defendants deny all other factual averments in Paragraph 7.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 7,711,150

**8.** United States Patent No. 7,711,150 (the "'150 Patent"), entitled "Autonomous wide-angle license plate recognition," issued on May 4, 2010 based on an application filed on July 10,

3

2003. The '150 Patent has been assigned to MBP by the inventor James Simon. A true and correct copy of the '150 Patent is attached as Exhibit A hereto.

**ANSWER:**

Defendants admit that U.S. Patent No. 7,711,150 (the "'150 Patent") is entitled "Autonomous wide-angle license plate recognition" and claims an issue date on its face of May 4, 2010. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 8, and on that basis, deny them.

9. By way of a license agreement entered into between Vigilant and James Simon prior to the assignment of the '150 Patent to MBP, Vigilant holds the right to file this patent infringement lawsuit to enforce its rights to the '150 Patent. Vigilant also has the right to recover all damages for past, present, and future infringement of the '150 Patent by Defendants and to seek injunctive relief as appropriate under the law.

**ANSWER:**

Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 9, and on that basis, deny them.

10. Defendants have directly infringed and continue to directly infringe, either literally or by equivalents, one or more claims of the '150 Patent, including at least Claim 1, by manufacturing, using, selling, offering for sale, and/or importing products into the United States that comprise the system of Claim 1. The Accused Products include any and all systems in which at least two cameras are mounted on a surveillance vehicle and capture license plate images and/or data from vehicles in traffic and work with a processor that uses character recognition to determine particular collected license plate numbers. Accused Products therefore include at least MVTrac and Recovery Manager Pro.

**ANSWER:**

Denied.

11. Defendants have also induced their customers to directly infringe one or more claims of the '150 Patent. Defendants have known about the '150 Patent and its applicability to the equipment manufactured, sold and/or leased by Defendants since at least as early as the filing of this Complaint. Defendants know that the equipment they manufacture, use, sell and/or lease, including but not limited to MVTrac and Recovery Manager Pro, is the system described in the claims of the '150 Patent, including at least Claim 1, and that at least some of its customers purchase and/or lease that equipment in order to practice those systems. Defendants therefore also know that their customers are infringing one or more claims of the '150 Patent.

**ANSWER:**

    Denied.

**12.** Defendants specifically intend to induce infringement by their customers by selling and/or leasing equipment designed to enable customers to use the system(s) described in the '150 Patent and instructing them on how to operate the system(s) in an infringing manner.

**ANSWER:**

    Denied.

**13.** Defendants' actions in the above-described manner in the United States are without the permission of Vigilant or MBP and constitute infringement under 35 U.S.C. §271 for which Defendants are liable.

**ANSWER:**

    Denied.

**14.** As a result of Defendants' infringement, Vigilant has been damaged monetarily and is entitled to adequate compensation of no less than a reasonable royalty pursuant to 35 U.S.C. §284.

**ANSWER:**

    Denied.

## COUNT TWO
## INFRINGEMENT OF U.S. PATENT NO. 7,881,498

**15.** United States Patent No. 7,881,498 (the "'498 Patent"), entitled "Autonomous wide-angle license plate recognition," issued on February 1, 2011 based on an application filed on April 9, 2010. The '498 patent has been assigned to MBP by its original assignee James Simon. A true and correct copy of the '498 Patent is attached as Exhibit B hereto.

**ANSWER:**

    Defendants admit that U.S. Patent No. 7,881,498 (the "'498 Patent") is entitled "Autonomous wide-angle license plate recognition" and claims an issue date on its face of February 1, 2011. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 15, and on that basis, deny them.

**16.** By way of a license agreement entered into between Vigilant and James Simon prior to the assignment of the '498 Patent to MBP, Vigilant holds the right to file this patent infringement lawsuit to enforce its rights to the '498 Patent. Vigilant also has the right to recover all damages for past, present, and future infringement of the '498 Patent by Defendants and to seek injunctive relief as appropriate under the law.

**ANSWER:**

Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 16, and on that basis, deny them.

**17.** Defendants have directly infringed and continue to directly infringe, either literally or by equivalents, one or more claims of the '498 Patent, including at least Claim 1, by using the method of those claims, including by providing surveillance vehicles with camera systems to capture license plate information of multiple moving target vehicles and providing a computer programmed to use the captured license plate information and alert the vehicle operator upon discovery of a potential problem related to one of the vehicles. The method is performed by Defendants and/or their customers at least through their operation of MVTrac and Recovery Manager Pro.

**ANSWER:**

Denied.

**18.** Defendants have also induced their customers to directly infringe one or more claims of the '498 Patent. Defendants have known about the '498 Patent and its applicability to the system that they provide to their customers, which is then operated by those customers, since at least as early as the filing of this Complaint. Defendants know that the equipment they manufacture, use, sell and/or lease, including but not limited to MVTrac and Recovery Manager Pro, is used by their customers to perform the method described in the claims of the '498 Patent, including at least Claim 1. Defendants therefore also know that their customers are infringing one or more claims of the '498 Patent.

**ANSWER:**

Denied.

**19.** Defendants specifically intend to induce infringement by their customers by selling and/or leasing equipment designed to enable customers to practice the methods described in the '498 Patent and instructing them on how to operate the equipment in an infringing manner.

**ANSWER:**

Denied.

**20.** Defendants' actions in the above-described manner in the United States are without the permission of Vigilant or MBP and constitute infringement under 35 U.S.C. §271 for which Defendants are liable.

**ANSWER:**

Denied.

**21.** As a result of Defendants' infringement, Vigilant has been damaged monetarily and is entitled to adequate compensation of no less than a reasonable royalty pursuant to 35 U.S.C. §284.

**ANSWER:**

Denied.

## COUNT THREE
## INFRINGEMENT OF U.S. PATENT NO. 8,009,870

**22.** United States Patent No. 8,009,870 (the "'870 Patent") entitled "Autonomous wide-angle license plate recognition," issued on August 30, 2011 based on an application filed on December 17, 2010. The '870 Patent has been assigned to MBP by its original assignee James Simon. A true and correct copy of the '870 Patent is attached as Exhibit C hereto.

**ANSWER:**

Defendants admit that U.S. Patent No. 8,009,870 (the "'870 Patent") is entitled "Autonomous wide-angle license plate recognition" and claims an issue date on its face of August 30, 2011. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 22, and on that basis, deny them.

**23.** By way of a license agreement entered into between Vigilant and James Simon prior to the assignment of the '870 Patent to MBP, Vigilant holds the right to file this patent infringement lawsuit to enforce its rights to the '870 Patent. Vigilant also has the right to recover all damages for past, present, and future infringement of the '870 Patent by Defendants and to seek injunctive relief as appropriate under the law.

**ANSWER:**

Defendants lack sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 23, and on that basis, deny them.

**24.** Defendants have directly infringed and continue to directly infringe, either literally or by equivalents, one or more claims of the '870 Patent, including at least Claim 1, by manufacturing, using, selling, offering for sale, and/or importing products into the United States that comprise the system of Claim 1. The Accused Products include any and all systems in which at least one camera is mounted on a surveillance vehicle and captures license plate images from at least four *v*ehicles in traffic and works with a processor that uses character recognition to determine particular collected license plate numbers and then alters the vehicle operator when a plate number matches a database entry relating to a possible law enforcement problem. Accused Products therefore include at least MVTrac and Recovery Manager Pro.

**ANSWER:**

      Denied.

**25.** Defendants have also induced their customers to directly infringe one or more claims of the '870 Patent. Defendants have known about the '87 Patent and its applicability to the equipment manufactured, sold and/or leased by Defendants since at least as early as the filing of this Complaint. Defendants know that the equipment they manufacture, use, sell and/or lease, including but not limited to MVTrac and Recovery Manager Pro, is the system described in the claims of the '870 Patent, including at least Claim 1, and that at least some of its customers purchase and/or lease that equipment in order to practice those systems. Defendants therefore also know that their customers are infringing one or more claims of the '870 Patent.

**ANSWER:**

      Denied.

**26.** Defendants specifically intend to induce infringement by their customers by selling and/or leasing equipment designed to enable customers to use the system(s) described in the '150 Patent and instructing them on how to operate the system(s) in an infringing manner.

**ANSWER:**

      Denied.

**27.** Defendants' actions in the above-described manner in the United States are without the permission of Vigilant or MBP and constitute infringement under 35 U.S.C. §271 for which Defendants are liable.

**ANSWER:**

      Denied.

**28.** As a result of Defendants' infringement, Vigilant has been damaged monetarily and is entitled to adequate compensation of no less than a reasonable royalty pursuant to 35 U.S.C. §284.

**ANSWER:**

Denied.

### PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to relief of any sort under the Complaint.

### AFFIRMATIVE DEFENSES

Defendants assert the following defenses without prejudice to the denials in this Answer, without admitting any allegations of the Complaint not otherwise admitted, and without admitting or denying they bear the burden of proof as to any of them. These additional defenses are based on the facts and information currently known to Defendants. Defendants reserve the right to amend or add additional defenses, including instances of inequitable conduct, based on the facts later discovered, pled or offered.

1. Plaintiffs have failed to state a claim for infringement pursuant to 35 U.S.C. § 271.

2. Defendants have not engaged and are not engaging in any act that constitutes an infringement, either literally or under the doctrine of equivalents of any valid and enforceable claim of the '150 patent.

3. Defendants have not induced or contributed to, and are not inducing or contributing to, the infringement of any valid and enforceable claim of the '150 patent.

4. Defendants have not engaged and are not engaging in any act that constitutes an infringement, either literally or under the doctrine of equivalents of any valid and enforceable claim of the '498 patent.

5. Defendants have not induced or contributed to, and are not inducing or contributing to, the infringement of any valid and enforceable claim of the '498 patent.

6. Defendants have not engaged and are not engaging in any act that constitutes an infringement, either literally or under the doctrine of equivalents of any valid and enforceable claim of the '870 patent.

7. Defendants have not induced or contributed to, and are not inducing or contributing to, the infringement of any valid and enforceable claim of the '870 patent.

8. The claims of the '150 patent are invalid, void, and/or unenforceable for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112. No claim of the '150 patent can be validly construed to cover any product or action of Defendants.

9. The claims of the '498 patent are invalid, void, and/or unenforceable for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112. No claim of the '498 patent can be validly construed to cover any product or action of Defendants.

10. The claims of the '870 patent are invalid, void, and/or unenforceable for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112. No claim of the '870 patent can be validly construed to cover any product or action of Defendants.

11. Plaintiffs' claims are barred under the doctrine of prosecution history estoppel. Plaintiffs are estopped from construing claims of the Patents in such a way as to cover any of Defendants' activities or products due to statements made to the United States Patent and Trademark Office during prosecution of the patent applications.

12. Plaintiffs' recovery for alleged infringement of the Patents, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its Complaint pursuant to 35 U.S.C. § 286.

13. Any claim for damages for patent infringement by Plaintiffs is limited by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

14. Venue is unduly inconvenient.

15. Plaintiffs are not entitled to injunctive relief, because any injury to Plaintiffs is not immediate and irreparable, Plaintiffs would have an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

## DEFENDANTS' COUNTERCLAIMS

For its Counterclaims against Plaintiffs and Counter-Defendants Vigilant Solutions, Inc. ("Vigilant") and MBP Innovations, LLC ("MBP") (together, "Plaintiffs"), Defendants and Counter-Plaintiffs MVConnect LLC ("MVConnect") and Recovery Manager Pro LLC ("RMP") (collectively "Defendants") state as follows:

### PARTIES

1. MVConnect is a limited liability company organized under the laws of Illinois with its principal place of business in Palatine, Illinois.

2. RMP is a limited liability company organized under the laws of the state of Delaware with its principal place of business in Palatine, Illinois.

3. By its Complaint, Vigilant is a California corporation having a principal place of business at 2021 Las Positas Court #101, Livermore, California 94551.

4. By its Complaint, MBP is a California limited liability company with an address at 8 Estates Drive, Villa Park, California 92861.

**JURISDICTION AND VENUE**

5. Defendants' Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under 28 U.S.C. § 1338(a). There is a justiciable controversy concerning the infringement, validity, and enforcement of U.S. Patent Nos. 7,711,150, 7,881,498, and 8,009,870, as set forth in the Complaint.

6. This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331 and 1338. Personal jurisdiction and venue are proper as a result of Plaintiffs having availed themselves of this Court to sue Defendants.

**COUNT I:**
**DECLARATION OF NONINFRINGEMENT AND INVALIDITY OF THE '150 PATENT)**

7. Defendants incorporate herein and reallege as though fully set forth in this paragraph the averments of Paragraphs 1-6 of this Counterclaim.

8. Vigilant claims to be the owner by assignment of all right, title and interest in and to the '150 patent and to own all substantial rights thereto.

9. Plaintiffs assert in their Complaint that Defendants are infringing the '150 patent.

10. No product made, used, sold, offered for sale, or imported by Defendants constitutes an infringement, either literal or under the doctrine of equivalents, of any valid and enforceable claim of the '150 patent under any section of 35 U.S.C. § 271. Defendants have not induced or contributed to, and are not inducing or contributing to, the infringement of any valid and enforceable claim of the '150 patent.

11. The '150 patent is invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

12. An actual, justiciable controversy therefore exists between the parties as to the validity and infringement of the '150 patent.

13. Defendants are entitled to judgment by this Court declaring all claims of the '150 patent invalid and/or not infringed by Defendants.

## COUNT II:
## DECLARATION OF NONINFRINGEMENT AND INVALIDITY OF THE '498 PATENT)

14. Defendants incorporate herein and reallege as though fully set forth in this paragraph the averments of Paragraphs 1-13 of this Counterclaim.

15. Vigilant claims to be the owner by assignment of all right, title and interest in and to the '498 patent and to own all substantial rights thereto.

16. Plaintiffs assert in their Complaint that Defendants are infringing the '498 patent.

17. No product made, used, sold, offered for sale, or imported by Defendants constitutes an infringement, either literal or under the doctrine of equivalents, of any valid and enforceable claim of the '498 patent under any section of 35 U.S.C. § 271. Defendants have not induced or contributed to, and are not inducing or contributing to, the infringement of any valid and enforceable claim of the '498 patent.

18. The '498 patent is invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq*., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

19. An actual, justiciable controversy therefore exists between the parties as to the validity and infringement of the '498 patent.

20. Defendants are entitled to judgment by this Court declaring all claims of the '498 patent invalid and/or not infringed by Defendants.

## COUNT III:
## DECLARATION OF NONINFRINGEMENT AND INVALIDITY OF THE '870 PATENT)

21. Defendants incorporate herein and reallege as though fully set forth in this paragraph the averments of Paragraphs 1-20 of this Counterclaim.

22. Vigilant claims to be the owner by assignment of all right, title and interest in and to the '870 patent and to own all substantial rights thereto.

23. Plaintiffs assert in their Complaint that Defendants are infringing the '870 patent.

24. No product made, used, sold, offered for sale, or imported by Defendants constitutes an infringement, either literal or under the doctrine of equivalents, of any valid and enforceable claim of the '870 patent under any section of 35 U.S.C. § 271. Defendants have not induced or contributed to, and are not inducing or contributing to, the infringement of any valid and enforceable claim of the '870 patent.

25. The '870 patent is invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

26. An actual, justiciable controversy therefore exists between the parties as to the validity and infringement of the '870 patent.

27. Defendants are entitled to judgment by this Court declaring all claims of the '870 patent invalid and/or not infringed by Defendants.

## DEMAND FOR JURY TRIAL

Defendants respectfully demand a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREAS, Defendants/Counter-Plaintiffs MVConnect and RMP pray that this Court grant the following relief and judgment:

A. Judgment for Defendants and against Plaintiffs on each of the claims in Plaintiffs' Complaint;

B. Dismissal of Plaintiffs' Complaint with prejudice;

C. Denial of each and every type of relief that Plaintiffs requests in its Complaint;

D.  A declaration and judgment that Defendant/Counter-Plaintiffs MVConnect and RMP have not infringed any valid claim of U.S. Patent Nos. 7,711,150, 7,881,498, and 8,009,870;

E.  A declaration and judgment that every asserted claim of U.S. Patent Nos. 7,711,150, 7,881,498, and 8,009,870 is invalid;

F.   This action be declared exceptional under 35 U.S.C. § 285, and judgment be entered awarding Defendants their costs and reasonable attorneys fees, and such other relief as may be appropriate; and

G.  Such other relief as this Court may deem just and proper.


Dated:  September 9, 2014

Respectfully submitted,

/s/ Shira J. Kapplin

Peter M. Spingola
Shira J. Kapplin
**CHAPMAN SPINGOLA, LLP**
77 West Wacker Drive, Suite 4800
Chicago, Illinois 60601
P: (312) 630-9202
F: (312) 630-9233

*Attorneys for Defendants/Counter-Plaintiffs MVConnect LLC and Recovery Manager Pro LLC*

## **CERTIFICATE OF SERVICE**

      I herby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on September 9, 2014. Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

Any other counsel will be served via email.

                                  /s/ Shira J. Kapplin
                                  Shira J. Kapplin
                                  Illinois State Bar No. 6280318